# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-11122
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2015

Lyle W. Cayce
Clerk

BILLY WILLIAMS,

Plaintiff - Appellant

v.

ERIC HOLDER; THOMAS E. PEREZ; UNITED STATES DEPARTMENT OF
JUSTICE,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas, Dallas Division
U.S.D.C. No. 3:13-CV-2179-O

Before STEWART, Chief Judge, and PRADO and HAYNES, Circuit Judges.

PER CURIAM:*

Appellant, pro se, filed suit under the Administrative Procedure Act
(APA) challenging Appellees' interpretation of Section 12182(a) of Title III of
the Americans with Disabilities Act (ADA). The district court dismissed the
suit for lack of subject matter jurisdiction. We AFFIRM.

I.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-11122

This dispute centers on the Appellant's claim that the Appellees' incorrect interpretation of the ADA has caused, and is causing, him ongoing harm. Billy Williams (Williams) is an allegedly disabled individual suffering from asthma and hypersensitivity to secondhand tobacco smoke. On June 11, 2013, he filed suit against Eric Holder, Thomas E. Perez, and the United States Department of Justice (DOJ) (collectively the Government) under the APA, 5 U.S.C. § 702. Williams alleged that he filed a complaint with the Texas Lottery Commission asking that all of its lottery sales outlets be required to prohibit smoking under the ADA, but the Texas Lottery Commission declined to enforce a blanket smoking ban on all of its sales outlets, citing a technical assistance letter by the Assistant Attorney General for the Civil Rights Division of the DOJ. The technical assistance letter stated that "the ADA . . . d[id] not require entities to enact legislation or to adopt policies to ban smoking" and that "[t]he ADA require[d] the analysis of the requested modifications to be made on a case-by-case basis." Williams also asserted that as the executive director of an organization named GASP of Texas, he submitted a complaint to the State of Kansas to seek a smoking ban in its casinos. A law firm representing two Kansas casinos submitted a letter to the Director of Kansas Gaming Facilities, arguing that the ADA did not require a mandatory smoking ban.

In his complaint, Williams challenged the Government's statutory interpretation of the ADA generally, and 42 U.S.C. § 12201(b) in particular, in technical assistance letters that the Government issued to covered entities. He also challenged the Government's failure to impose a smoking ban on all covered entities. He claimed that the Government's interpretation results in intentional discrimination against persons impacted by smoking. He also claimed that the Assistant Attorney General violated 28 C.F.R. § 35.190(a) by failing to provide proper guidance to the U.S. Department of Transportation on smoking policies.

No. 14-11122

On November 18, 2013, the Government moved to dismiss Williams's complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted.  In response, Williams filed a motion for summary judgment, arguing that a total smoking ban should be enforced under the ADA because there is no safe level of secondhand smoke. The Magistrate Judge (MJ) issued its Findings, Conclusions, and Recommendation (FCR) recommending that the Government's motion to dismiss be granted and Williams's motion for summary judgment denied.  With respect to the motion to dismiss, the MJ agreed with the Government that the court lacked jurisdiction to compel them to take enforcement actions against public accommodations that allegedly violated the ADA or to issue technical assistance letters.  The MJ also concluded that dismissal for failure to state a claim was appropriate because the DOJ's reading of § 12201(b) as permitting, but not requiring, a total ban on smoking was consistent with the statutory text.[1]

Williams filed objections to the FCR, challenging the reading of his complaint as seeking a total ban on smoking.  He argued that he sought to have the Government interpret the ADA as requiring a total ban if a request is made and if the facility cannot affirmatively prove that a ban would fundamentally alter what it offers.  The district court conducted a de novo review of the portions of the FCR to which Williams objected and adopted the FCR.  Williams appeals that judgment.[2]

---

[1] The MJ also concluded that the court had jurisdiction to review the DOJ's global interpretation of the ADA, but that because Williams failed to state a claim upon which relief could be granted, the complaint must still be dismissed.

[2] Williams does not appeal the denial of his motion for summary judgment.

No. 14-11122

## II.

We review 12(b)(1) and 12(b)(6) motions to dismiss de novo. *United States v. Renda Marine, Inc.*, 667 F.3d 651, 655 (5th Cir. 2012); *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014).

After considering the parties' arguments as briefed on appeal, and after reviewing the record, the relevant statutes, applicable state and federal case law, and the MJ's FRC as adopted by the district court, we AFFIRM the district court's judgment dismissing Appellant's claims against Defendant-Appellee and adopt its analysis in full.